# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 935 | **DATE** | 5/12/2004 |
| **CASE TITLE** |  | USA vs. Sergio Diaz | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Evidentiary hearing on defendant's motion to quash arrest and suppress evidence will be set at the previously scheduled status hearing on 5/26/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | 2 number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | MAY 13 2004 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | 29 |
| | Mail AO 450 form. | 5/12/2004 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. 03 CR 935 |
| | ) | Judge Joan H. Lefkow |
| SERGIO DIAZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Sergio Diaz ("Diaz"), has been indicted by the United States of America ("United States") on a single charge of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Before the court is Diaz's motion to quash arrest and suppress evidence. In conjunction with this motion Diaz requests an evidentiary hearing. For the reasons stated below, the court agrees to hold an evidentiary hearing and defers ruling on Diaz's motion to quash arrest and suppress evidence until such hearing has been completed.

Diaz seeks to quash his arrest and suppress evidence on grounds that his arrest was without a valid search or arrest warrant and was without probable cause. In order for a suppression hearing to be held on such a motion, Diaz has the initial burden of presenting "definite, specific, detailed, and nonconjectural" facts that are both material and disputed. *United States v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995) (citations omitted). This burden cannot be satisfied by mere vague or conclusional allegations. *See United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992).

Under the United States' version of the facts in this case, Chicago Police Officers Bob Vargas and Jesse Sandoval were on patrol in an unmarked car during a crowded festival when a citizen approached and told them that he had seen a heavyset man wearing a red shirt holding a gun near 1651 S. Throop Street. At around this time, the officers allegedly spotted a man in a red shirt (which was Diaz) about a block away and began surveillance. According to the United States, Officer Vargas saw Diaz standing on the sidewalk holding a large handgun. As Officer Vargas watched, Diaz allegedly put the handgun in a brown paper bag and closed the bag to fit around the shape of the gun. Officer Sandoval did not see the entire gun but did see its butt protruding from the bag. Both officers observed Diaz walk down into a recessed gangway in front of the residence at 1651 S. Throop. When he emerged from the gangway, Diaz did not have the paper bag. At this point the officers approached Diaz and the two men with him. All three were arrested. Officer Sandoval went into the gangway where Diaz had taken the paper bag and retrieved a brown paper bag containing a steel blue .357 magnum revolver with four live rounds of ammunition.

In his motion Diaz presents a much different account of the events that took place. He maintains that he never possessed the firearm, specifically denying that he ever placed it in his hand or in a paper bag. He also claims that he did not walk into the gangway and did not place any gun under a vaulted sidewalk. According to Diaz, he was standing on the sidewalk and was violating no law when he was arrested by the Chicago Police Officers. Moreover, Diaz also claims that one of the two other men arrested, Angel Montemayor, states that Diaz was not in possession of the firearm.

The facts set forth by Diaz are certainly both disputed and material. Whether the officers saw Diaz (1) holding the gun; (2) placing the gun in a paper bag; and (3) walk into a recessed gangway with the gun and walk out again without it are all material in determining whether either probable cause or reasonable suspicion existed to arrest and/or search Diaz. Moreover, the court does not view Diaz's allegations as vague or conclusional. He states that he never had a gun and was merely standing on the street corner when arrested. It is difficult to see how much more definite, specific and detailed Diaz could get, and the United States does not point to specific facts that are lacking. Diaz's version of the events was certainly well within his personal knowledge.

Nevertheless, the United States argues that Diaz has not met his burden for an evidentiary hearing insofar as he does not provide an affidavit with personal knowledge. Some judges in this district have apparently required such affidavits to be filed before an evidentiary hearing may be held. *E.g., United States v. Johnson*, No. 96 CR 379, 1997 WL 124269, at *1 (N.D. Ill. March 18, 1997); *United States v. Mallard*, No. 93 CR 566, 1994 WL 22958, at *2 (N.D. Ill. Jan. 25, 1994); *United States v. Robinzine*, No. 93 CR 486, 1993 WL 443394, at *3 (N.D. Ill. Oct. 29, 1993). Others have not. *E.g., United States v. Oliver*, 142 F. Supp. 2d 1047, 1050 (N.D. Ill. 2001); *United States v. McNeal*, 853 F. Supp. 1047, 1051-52 (N.D. Ill. 1994). The Seventh Circuit has never held that an affidavit is required for a defendant to make the requisite showing necessary for an evidentiary hearing.

After considering the above cases, and in light of the facts present here, the court does not believe that Diaz was required to present an affidavit in order for a suppression hearing to be held. As the court in *Oliver* noted, the Seventh Circuit in *Randle* only required a submission by

3

the defendant that there is a genuine basis for granting the relief sought and that real factual issues warrant an evidentiary hearing. 142 F. Supp. 2d at 1051 ("There is nothing in *Randle* or its Seventh Circuit progeny that requires anything more than a sufficiently detailed written motion."). And as the court in *Oliver* addressed, the concern that the court would be overwhelmed by meritless evidentiary hearings is muted insofar as (1) many motions fall short of the mark even if what is alleged is true; (2) some motions raise legal issues only; and (3) some motions are conclusional or "bare-bones." *Id.* at 1050-51. Diaz's version of the events does not fall under any of these categories. Indeed, if Diaz's evidence is conclusional, then the government's must be also. The United States presents a number of facts supporting its response which are unsupported by any affidavit, including that the officers involved in the arrest had been aware of Diaz's criminal history for many years when they saw him in possession of the handgun.

Accordingly, since the parties present markedly different circumstances surrounding Diaz's arrest, the court will hold an evidentiary hearing on Diaz's motion to quash arrest and suppress evidence. *See United States* v. *Kunda*, No. 01 CR 118, 2001 WL 1543519, at *3 (N.D. Ill. Dec. 3, 2001) ("Where the government and the defendant present 'markedly different versions of the events,' the court may order an evidentiary hearing.") (quoting *United States* v. *Sims*, 808 F. Supp. 596, 605 (N.D. Ill. 1992)). Ruling on Diaz's motion will be deferred until such hearing has been held. The status hearing set for May 26, 2004 stands and a date for an evidentiary hearing will be set at that time.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: May 12, 2004

4